## Jacob Beller v. Charles Stange and others.

*Builder: Contract: Possession.* A builder cannot retain possession as against the owner of a building he is constructing under contract with such owner, to enforce payment of the contract price, after the time for performance has expired and he has ceased work, claiming that the building is completed according to the terms of the contract.

*Heard and decided April 16.*

Error to Wayne Circuit.

This is an action of trespass brought by Beller against defendants in error, to recover damages for being forcibly. kept out of possession of certain premises belonging to him. Defendants in error had contracted with him to construct a building upon said premises, and had ceased work, claiming that the building was completed. The time limited for performance under the contract had expired some five months before. The last payment provided for by the contract had not been made, and the plaintiff refused to pay it, claiming damages for the delay in performance, and that the building was not finished in accordance with the terms of the contract. The defendants, insisting that the delay was caused by plaintiff, and that he was not entitled to the damages claimed therefor, and that the building was completed and said payment due, set up and maintained exclusive possession of the building, and forcibly prevented the plaintiff from entering the same, on the ground that they were entitled so to do under the contract, until such payment was made. The court below charged that the plaintiff was not entitled to recover, and judgment was rendered for defendants. Plaintiff brought error.

*Moore & Griffin,* for plaintiff in error.

*Lyman Cochrane,* for defendants in error.

CHRISTIANCY, CH. J.

We see no ground upon which the ruling of the court below can be sustained. The defendants in error had no right of possession as against the plaintiff, under the circumstances disclosed in the record. If any thing remained due upon the contract, the defendants, if they had performed the contract, or were prevented by the plaintiff from performance, had a clear remedy by action upon their contract, or by proceedings under the statute to enforce their

27 MICH.—40.

lien.    But we are aware of no law by which they were authorized to hold possession of the property as a means of enforcing their rights.

The judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.